[No. 6476. Decided April 6, 1907.]

## S. S. Moritz, *Appellant*, v. Samuel Herskovitz, *Respondent.*[1]

CONTRACTS—SALES—CONSTRUCTION—QUESTION FOR JURY. Where the meaning of a clause in a contract to sell goods at "sixty-five cents on the dollar" is uncertain, and evidence is offered by both parties to explain it, the construction of the same is a question for the jury and not one of law for the court.

EVIDENCE—DECLARATIONS—RES GESTAE. Upon a dispute as to the construction of a contract, a letter from the appellant's attorney to the respondent, setting out appellant's version of the transaction, is inadmissible as a self-serving declaration, is no part of the *res gestae*, and is immaterial as notice.

CUSTOMS AND USAGE—SALES—EVIDENCE—ADMISSIBILITY. Upon a sale of merchandise at D. for a certain per cent of their cost, it is not error to exclude evidence of a particular custom at D. to add

[1]Reported in 89 Pac. 560.

freight charges to the cost, where it was not shown that the vendee knew of the custom, and evidence was received of the general custom throughout the state which did not differ from the custom at D.

SALES—BREACH OF CONTRACT—DAMAGES—MITIGATION—EVIDENCE. In an action to recover the price of goods sold, evidence of the amount of insurance received by the vendor for a loss by fire while the goods were in his possession, is admissible in mitigation of the damages.

COSTS—TAXATION—APPEAL—WAIVER OF OBJECTIONS. Error cannot be predicated on the taxation of costs, where the motion to retax was not filed until three months after the taxation.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered August 4, 1905, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*M. M. Godman* and *Samuel R. Stern,* for appellant.

*Robertson & Rosenhaupt,* for respondent.

PER CURIAM.—On June 19, 1902, the appellant owned a stock of merchandise then in his store at Dayton, Washington, and on that day agreed in writing to sell the same to the respondent for the consideration, as expressed in the writing, of "sixty-five cents on the dollar." Shortly thereafter, preparatory to completing the sale, the parties proceeded to take an inventory of the stock, during the course of which, owing to the different construction each placed upon the writing, difficulties arose between them which finally resulted in the abandonment of the transaction by the respondent and his refusal to have anything further to do with it. The appellant thereupon treated the goods as the respondent's, sold them at private sale and at auction as he best could, and after having disposed of them, brought this action against the respondent to recover the difference between the amount he received for them and what he conceived to be the contract price. The case was tried twice to

13—46 WASH.

a jury, resulting in a verdict for the respondent at each
trial. The first verdict was set aside by the court because
of certain instructions given the jury which the judge after-
wards conceived to be erroneous; judgment was entered on
the second verdict, and this appeal is taken therefrom.

At the trial there was much evidence introduced explana-
tory of the meaning of the phrase, "sixty-five cents on the
dollar," used in the contract, the principal dispute between
the parties being over the question whether it was meant to
include 65 per centum of the invoice price of the goods,
or 65 per centum of the invoice price plus the cost of trans-
porting them from the place where they were purchased to
Dayton. The court instructed the jury that the question
was one for them to determine from a consideration of the
evidence, and this instruction constitutes the first error as-
signed. The appellant insists that the question was one of
law to be determined by the court, and that the court should
have instructed the jury whether or not the phrase meant 65
cents on the dollar with or without freight added. But we
think the court correctly instructed the jury on the question.
As used in this contract, the meaning of the phrase was un-
certain, and evidence was properly introduced by both sides
to explain its meaning. This evidence was contradictory.
If the appellant's version was correct then it meant one
thing; if the defendant's, then it meant another. Under
these circumstances the court could do nothing else than
present to the jury the two theories, and allow them to say
which was the correct construction.

After the respondent had refused to deal further with the
appellant, the appellant put the matter into the hands of his
counsel, who wrote a letter to the respondent setting out the
appellant's version of the transaction. This letter was of-
fered in evidence by the appellant and rejected by the court.
The appellant now insists that it was admissible as part of
the *res gestae*, or if not that, at least as notice of the dis-
position the appellant intended making of the goods. But

plainly the letter was inadmissible. It was but a self-serving declaration, no part of the *res gestae*, and immaterial as notice.

The court refused to allow the appellant to show what the particular custom was at Dayton, Washington, as to adding the freight charges to the cost of merchandise, but allowed him to show that such was the general custom throughout the state. Error is assigned on the refusal to permit him to show the particular custom. The point is not well taken. There was no evidence tending to show that the respondent was acquainted with the particular custom at Dayton, or that he purchased the appellant's stock with reference thereto, nor was it claimed that the custom at Dayton differed from the general custom. The evidence was not admissible.

While the appellant was selling the goods, a fire occurred in a neighboring store damaging the goods to a considerable extent, and for which the appellant had collected insurance. On cross-examination he was questioned concerning the loss, the amount of insurance collected, and the disposition he had made of the money. This is assigned as error, but it was permissible as tending to reduce the amount of the damages the appellant was entitled to recover if he recovered at all.

Finally it is objected that the cost bill is excessive in that a witness was allowed mileage for a distance of more than 20 miles from the place of trial. The objection to this item, however, came too late, as the motion to retax was not filed until some three months after the costs had been taxed.

There is no error in the record and the judgment will stand affirmed.